GERTRUDE JOHNSON *v.* STATE.

[58 South. 777.]

INTOXICATING LIQUORS. *Keeping for sale. Sufficiency of evidence.*
   Evidence in this case *held* sufficient to justify conviction of defendant of unlawfully keeping intoxicating liquors for sale.

APPEAL from the circuit court of Hinds county.
HON. W. A. HENRY, Judge.
Gertrude Johnson was convicted of unlawfully keeping intoxicating liquors for sale and appeals.
The facts are fully stated in the opinion of the court.

*Burch & Stricker,* for appellant.

Appellant denied having the liquors for sale, or having sold any; and the testimony on both sides clearly showed that her husband was a hard drinker and spent most of his time and money that way. There was no evidence of any sale by either husband or wife. And the witness found the husband trying to hide the liquor, or some of it, evidently to save a drink from the general wreck.

Policeman Ross knew the husband's general condition to be one of intoxication, and neither witness knew whether liquors found were husband's or wife's.

Thus there was a grave doubt as to whom the liquors belonged, and whether they were owned and kept by John for his personal use, or for sale by him. There was nothing, however, to indicate that this appellant either had the liquors for her own use, or for sale. The testimony, as a whole, shows simply that the husband was a hard drinker, and kept whiskey on hand for that purpose. There was no sale. There was no evidence of a sale. There was no keeping for sale. There was no

evidence of keeping for sale. There was, however, in this case, as there is in every case where a negro is found with intoxicating liquors, some liquor, some empty bottles, some means of opening the bottles, and some means for drinking their contents after they have been opened. Around these incidents and instances rally all the suspicions, and all the prejudices, of which police prosecutors are capable. Carried to its logical extreme no one is safe under a government that permits inanimate objects to testify to the state of the human mind, and, in the absence of corroborative deportment, to predicate convictions upon such objects and deprive the citizens of liberty through the suspicions arising from them.

The court denied the defendant the application of the law to her case by refusing her the following instruction:

"The court instructs the jury for the defendant that even though you believe beyond every reasonabble doubt that the witnesses Ross and White found upon defendant's premises whiskey and beer upon two occasions, and that the beer was in the refrigerator on ice, and that a quart of whiskey was locked up in the armour, and that empty bottles and a jug was found upon a vacant lot adjoining the defendant's premises, and the said empty bottles were of the same brand or label as those found in the house, this alone is insufficient to base a verdict of guilty upon, but on the other hand is wholly consistent with the innocence of, the defendant, and does not even raise a presumption of guilt."

This instruction is consistent with the law as announced by this court in the *Stansberry case,* 53 So. 783, and the *Hill case,* 56 So. 346, to the effect that mere quantity, in the absence of proof of other unlawful purposes, even under the statute, cannot justify a conviction of having intoxicating liquors for purposes of sale, or giving away in violation of law. In the *Stansberry*

*case,* Stansberry had a gallon of gin and four quarts, or a gallon, of whiskey. This court said a conviction could not stand, even under the statute in the case. In the *Hill case* the court said the same on facts which showed about the same quantity of whiskey.

Therefore with this instruction in their hands, it is probable that the jury would have acquitted the defendant, especially after she had been denied the right to deny the allegations of the indictment. The finding of liquors upon a person's premises, and empty bottles in the neighborhood and on adjoining separate property, is not sufficient evidence on which to convict a person for a violation of the liquor law, nor for any part thereof, for such things may exist, and do exist everywhere around us, with the persons interested entirely innocent of any sale of liquors or of any intention to sell it. Nor do such things raise any presumption of guilt under the statute as against the presumption of innocence, old and universal as the law itself.

Without this instruction defendant's counsel were without chart or compass in their argument of the case, and could not tell the jury that though they believed these things beyond a reasonable doubt yet alone they were not sufficient to base a verdict of guilty upon, because as announced in the *Hill* and *Stansberry cases,* such things are consistent with innocence, and do not raise a presumption of guilt.

"Appliances adapted to the retailing of liquors" are presumptive statutory evidence (a legislative presumption, which, when scrutinized in the light of abstract legal science is as weak as the old notion of the divine origin of kings) but the mere possession of quantities and their empty containers does not even set the statutory or legislative presumption in motion, and never was, and never will be, inconsistent with an innocent intention connected with the disposition of them.

In the face of the numerous strong instructions given the state this instruction should have been given the

defendant, without which she had a slim chance for a
favorable verdict.

*Claude Clayton*, assistant attorney-general, for ap-
pellee.

Appellant was indicted by the grand jury of Hinds
county for unlawfully keeping for sale vinous, malt,
spirituous, alcoholic and intoxicating liquors.

She was tried on said indictment, convicted, and sen-
tenced by the court in the sum of five hundred dollars
and imprisonment for ninety (90) days, from which
trial, conviction, and sentence, she prosecutes this ap-
peal.

After a careful reading of the testimony introduced
by the state in this trial, I am of the opinion that it
falls within the rule announced by this court in the case
of *McComb City v. Hill*, 56 So. 346, and therefore sub-
mit it to this Honorable Court.

COOK, J., delivered the opinion of the court.

Appellant was convicted in the circuit court of Hinds
county on an indictment charging her with unlawfully
keeping for sale vinous, malt, spirituous, alcoholic, and
intoxicating liquors. The evidence shows that appel-
lant was the owner of a house in the city of Jackson,
which the police of the city had had under surveillance
for some months. Tht policemen testified that they had
seen numbers of white and black men going into this
house, both in the nighttime and in the daytime; that,
when the house was raided, beer in bottles and upon ice,
and whiskey in bottles and in a jug, were found in the
house, and half a cask of empty beer bottles in the yard,
and quite a number of beer and whiskey bottles just over
the back fence, and half a bushel of tin covers, which
are used upon beer bottles, upon the ground just out-
side of the back door of this home. A corkscrew and a
small whiskey glass were also found in the house.

·The appellant is very much dissatisfied with the verdict of the jury and the action of the court, and appeals to this court.  We think there was ample evidence before the jury warranting them in finding appellant guilty of the charge preferred against her, and we can see no error in any action of the court at her trial.

*Affirmed.*

*Suggestion of error filed and overruled.*